UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. ___6:22-cv-02210_____

CHRISTIAN S. KENNEDY, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC and INPATIENT CONSULTANTS
OF FLORIDA, INC.,

    Defendants.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** CHRISTIAN S. KENNEDY ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") and INPATIENT CONSULTANTS OF FLORIDA, INC. ("ICF") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

1

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA and FDCPA are federal statutes.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Deltona, Florida.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

11. HRRG is a prominent debt collection agency that collects debts owed to third parties. HRRG maintains its principal place of business in Sunrise, Florida.

12. HRRG is a "person" as defined by 47 U.S.C. § 153(39).

13. HRRG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of HRRG's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

14. HRRG is a "debt collector" as defined by Fla. Stat. § 559.55(7).

15. ICF is a medical service provider. ICF maintains its principal place of business in West Hills, California. ICF does business in the State of Florida and is registered with Florida's Department of State.

16. ICF is a "person" as defined by 47 U.S.C. § 153(39).

17. ICF is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4946.

19. At all times relevant, Plaintiff's number ending in 4946 was assigned to a cellular telephone service.

20. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

21. In October 2021, Plaintiff and his wife contracted COVID-19 and received medical treatment from ICP.

22. ICP allegedly did not receive payment from Plaintiff for the medical services it provided to Plaintiff and his wife ("subject debt").

23. At some point in time, ICP placed the subject debt with HRRG for collection.

24. In August 2022, Plaintiff sent an email to HRRG disputing the validity of the subject debt.

25. In October 2022, Plaintiff started receiving collection calls from HRRG in an attempt to collect the subject debt.

26. Shortly after the collection calls began, Plaintiff answered a call from HRRG and requested that HRRG cease its harassing collection calls.

27. Despite Plaintiff's verbal request to cease its calls, HRRG continued placing harassing collection calls to Plaintiff's cellular phone.

28. In November 2022, fed up with HRRG's collection calls and its refusal to honor Plaintiff's request that the calls cease, Plaintiff sent an email to HRRG again requesting that HRRG cease its collection calls.

29. Plaintiff's email fell on blind eyes and HRRG continued placing harassing collection calls to Plaintiff's cellular phone, including calls from the following phone numbers: (305) 363-4424, (305) 363-4432, (305) 363-4435, (305) 363-4436, (305) 363-4439, and (305) 830-7015.

30. In most of the calls that Plaintiff did not answer, HRRG would leave prerecorded voicemails on Plaintiff's cellular telephone stating:

> "Hello. This is HRRG calling. Please return our call by calling 855-700-4473 between the hours of 8 a.m. and 5 p.m. and ask for Juan or speak to any associate who answers your call. This message repeats."

31. It was clear to Plaintiff that HRRG's voicemails utilized an artificial and/or prerecorded voice ("robocalls") because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration, (3) the voicemails were all monotone and were conspicuously not left by a live representative; and (4) none of the voicemails identified Plaintiff by name.

32. In total, HRRG placed no less than thirty (30) collection calls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

33. Moreover, Defendant left no less than sixteen (16) prerecorded voicemails on Plaintiff's cellular phone.

34. At no point in time did Plaintiff provide his cellular phone number to HRRG or otherwise consent to HRRG's phone calls.

35. At all times relevant, ICF had an agency relationship with HRRG whereby ICF (as the principal) had the right to control and direct the activities of HRRG (as the agent) and HRRG had the authority to act on behalf of ICF. Accordingly, ICF, as the principal of HRRG, is liable for the acts of HRRG.

## DAMAGES

36. HRRG's harassing collection calls invaded Plaintiff's privacy and caused Plaintiff actual harm, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the uwanted

5

calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

37. Moreover, each time HRRG placed a call to Plaintiff's cellular phone, HRRG occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

38. Due to HRRG's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to file this lawsuit to compel Defendants to cease their abusive collection practices.

## CLASS ALLEGATIONS

39. Paragraphs 18 through 38 of this Complaint are incorporated herein as though fully set forth herein.

40. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom HRRG placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt allegedly owed to ICF; (6) within the four years preceding the date of this complaint through the date of class certification.

41. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families;

6

(2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

### A.    Numerosity

42.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

43.    The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

44.    The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

45.    The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendants.

### B.    Commonality and Predominance

46.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

47.    Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

48. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendants' conduct.

### D. Superiority and Manageability

49. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

50. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

51. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

52. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

53. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

54. Plaintiff has no interests antagonistic to those of the Putative Class and Defendants have no defenses unique to Plaintiff.

55. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*) (On behalf of Plaintiff and the Members of the Putative Class against Defendants)

56. Paragraphs 18 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

58. Defendants violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than sixteen (16) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

59. As pled above, Defendants used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's voicemail.

60. Defendants did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided his number to HRRG or otherwise consented to HRRG's calls, and (2) Plaintiff revoked any prior consent that

9

Defendants may have believed they had by requesting that the collection calls cease verbally and in writing.

61. Upon information and belief, Defendants do not maintain adequate policies and procedures to ensure compliance with the TCPA.

62. Upon information and belief, Defendants knew their collection practices were in violation of the TCPA, yet continued to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

63. As pled above, Plaintiff was harmed by Defendants' unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

  a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

  b. a judgment in Plaintiff's favor and against Defendants for violations of 47 U.S.C. § 227 (b)(1)(A)(iii);

  c. an order enjoining Defendants from placing further violating calls to similarly situated consumers;

  d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violation of the TCPA;

  e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each willful violation of the TCPA; and

f.  any further relief this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (Plaintiff individually against HRRG)

64. Paragraphs 18 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

65. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

66. As set forth above, Plaintiff requested that HRRG cease its collection calls to his cellular phone on multiple occasions.

67. Despite having actual knowledge that its collection calls were unwanted, HRRG made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

68. HRRG violated § 1692c(a)(1) by placing at least thirty (30) collection calls to Plaintiff's cellular phone number at a time HRRG knew to be inconvenient for Plaintiff.

69. Specifically, since Plaintiff did not want *any* calls from HRRG, any call placed by HRRG after the initial cease request was placed at a time that HRRG knew was an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

70. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

71. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

72. HRRG violated §§ 1692d and d(5) by placing at least thirty (30) collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt *after* Plaintiff initially requested that the collections calls cease.

73. HRRG's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone number is inherently harassing and abusive.

74. HRRG's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as HRRG had actual knowledge that Plaintiff did not want to be called on his cellular phone.

75. The fact that HRRG knowingly placed calls to Plaintiff after Plaintiff made multiple requests that the calls cease is illustrative of HRRG's intent to harass and annoy Plaintiff.

76. As set forth above, Plaintiff was injured by HRRG's abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

  a.  A judgment in Plaintiff's favor for HRRG's violations of the FDCPA;

  b.  An award of statutory damages in the amount of $1,000.00;

  c.  An award of actual damages;

  d.  An award of reasonable attorney's fees and costs; and

  e.  Any further relief this Court deems just and proper.

## COUNT III:

**Violations of the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**
**(Plaintiff individually against Defendants)**

77. Paragraphs 18 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

78. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

79. Defendants violated § 559.72(7) of the FCCPA by continuously calling Plaintiff after Plaintiff requested that the calls cease.

80. Defendant's incessant collection calls were placed with the specific intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

81. Plaintiff was harassed and abused by Defendants' incessant collection calls.

82. As set forth above, Plaintiff was injured by Defendants' abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in Plaintiff's favor for Defendants' violations of the FCCPA;

b. An award of statutory damages;

c. An award of actual damages;

d. An award of reasonable attorney's fees and costs;

e. Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 29, 2022                                   Respectfully Submitted,

**CHRISTIAN S. KENNEDY**

By: /s/ *Alexander J. Taylor*
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
(630) 575-8180
ataylor@sulaimanlaw.com