**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**Case No.: 6:22-cv-02210-PGB-EJK**

CHRISTIAN S. KENNEDY,
*individually, and on behalf of all others similarly situated,*

    Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC and
INPATIENT CONSULTANTS OF
FLORIDA, INC.,

    Defendants.
_____/

**DEFENDANT, INPATIENT CONSULTANTS OF FLORIDA, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS
ACTION COMPLAINT**

COMES NOW, Defendant, Inpatient Consultants of Florida, Inc. ("Defendant" or "ICF"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, [DE 1], and states the following:

**NATURE OF THE ACTION**

1. Admitted to the extent of subjection matter, personal and federal question jurisdiction, venue and claims identification under the provisions of

the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), and Florida's Consumer Collection Practices Act ("FCCPA"). Otherwise denied; ICF demands strict proof thereof.

2. Admitted to the extent that the provisions of the TCPA, mainly Section 227(b)(1)(A)(iii), are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

3. Admitted as the statement contained as cited. Otherwise denied as substantive evidence or data, Defendant demands strict proof thereof.

## JURISDICTION AND VENUE

4. Admitted for purposes of federal question jurisdiction; otherwise denied.

5. Admitted for purposes of supplemental jurisdiction; otherwise denied.

6. Admitted for purposes of venue only; otherwise denied.

## PARTIES

7. Admitted for purpose of jurisdiction and venue only; otherwise denied.

8. Admitted for purpose of jurisdiction and venue only; otherwise denied.

9. Admitted for purpose of jurisdiction and venue only; otherwise denied.

10. Admitted for purpose of jurisdiction and venue only; otherwise denied.

11. Admitted for purpose of jurisdiction and venue only; otherwise denied.

12. Admitted for purpose of jurisdiction and venue only; otherwise denied.

13. Admitted for purpose of jurisdiction and venue only; otherwise denied.

14. Admitted for purpose of jurisdiction and venue only; otherwise denied.

15. Admitted for purpose of jurisdiction and venue only; otherwise denied.

16. Admitted for purpose of jurisdiction and venue only; otherwise denied.

17. Denied. Defendant demands strict proof thereof.

## **FACTUAL ALLEGATIONS**

18. Defendant lacks sufficient knowledge at this time as to the factual allegations asserted in this paragraph to either admit or deny the statement at this time without conducting adequate discovery.  Therefore, the statement

is denied at this time until sufficient discovery has been taken or disclosed by Plaintiff to admit or deny this statement correctly.

19. Defendant lacks sufficient knowledge at this time as to the factual allegations asserted in this paragraph to either admit or deny the statement at this time without conducting adequate discovery. Therefore, the statement is denied at this time until sufficient discovery has been taken or disclosed by Plaintiff to admit or deny this statement correctly.

20. Defendant lacks sufficient knowledge at this time as to the factual allegations asserted in this paragraph to either admit or deny the statement at this time without conducting adequate discovery. Therefore, the statement is denied at this time until sufficient discovery has been taken or disclosed by Plaintiff to admit or deny this statement correctly.

21. Defendant lacks sufficient knowledge at this time as to the factual allegations asserted in this paragraph to either admit or deny the statement at this time without conducting adequate discovery. Therefore, the statement is denied at this time until sufficient discovery has been taken or disclosed by Plaintiff to admit or deny this statement correctly.

22. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or

4

vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

23. Admitted to the extent that Defendant ICF retained Defendant HRRG to request payment of a past due medical debt obligation claimed due to the original creditor. Otherwise, denied.

24. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

25. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

26. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

27. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

28. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

29. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

30. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

31. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

32. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

33. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

34. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

35. Denied. Defendant demands strict proof thereof.

## DAMAGES

36. Denied. Defendant demands strict proof thereof.

37. Denied. Defendant demands strict proof thereof.

38. Denied. Defendant demands strict proof thereof.

## CLASS ALLEGATIONS

39. Defendant re-asserts and incorporates its responses to the allegations in paragraphs 1–38.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

44. Denied; Defendant demands strict proof thereof.

45. Denied; Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

47. Denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

50. Denied; Defendant demands strict proof thereof.

51. Denied; Defendant demands strict proof thereof.

52. Denied; Defendant demands strict proof thereof.

53. Denied; Defendant demands strict proof thereof.

54. Denied; Defendant demands strict proof thereof.

55. Denied; Defendant demands strict proof thereof.

## Count I: TCPA:

### 47 U.S.C. § 227(b)(1)(A)(iii)

56. Defendant re-asserts and incorporates its responses to the allegations in paragraphs 1–55.

57. Admitted to the extent that the provisions of the TCPA, mainly Section 227(b)(1)(A)(iii), are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; otherwise denied.

58. Denied; Defendant demands strict proof thereof.

59. Denied; Defendant demands strict proof thereof.

60. Denied; Defendant demands strict proof thereof.

61. Denied; Defendant demands strict proof thereof.

62. Denied; Defendant demands strict proof thereof.

63. Denied; Defendant demands strict proof thereof.

## Count II: FDCPA

### 15 U.S.C. § 1692c, 1692d and § 1692d(5)

64. Defendant re-asserts and incorporates its responses to the allegations in paragraphs 1–63.

65. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

66. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

67. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

68. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

69. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

70. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

71. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

72. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

73. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

74. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

75. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

76. The allegations in this paragraph are asserted solely against a Defendant other than Defendant ICF; therefore, no response is necessary. However, to the extent that the allegations are asserted directly, indirectly or vicariously against Defendant ICF, the allegations are denied. Defendant ICF demands strict proof thereof.

## Count III: FCCPA

### Section 559.72(7) Fla. Stat.

77. Defendant re-asserts and incorporates its responses to the allegations in paragraphs 1–76.

78. Admitted to the extent that the provisions of the FCCPA, particularly Section 559.72(7) *Fla. Stat.* are self-evident in its entirety and, thus, denied as to any aspects or interpretations other than the plain full reading of correspondence; Defendant denies that any action or inaction of the Defendant violated the FCCPA; otherwise denied.

79. Denied; Defendant demands strict proof thereof.

80. Denied; Defendant demands strict proof thereof.

81. Denied; Defendant demands strict proof thereof.

82. Denied; Defendant demands strict proof thereof.

## JURY DEMAND

Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not vicariously liable for the alleged actions or inactions of other third parties and/or any of their employees, agents, or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations relate to the TCPA, Defendant cannot be vicariously liable for the actions of any other party.

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense according to Florida's Consumer Collection Practices Act since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that ICF had prior express consent to contact Plaintiff and any other claimed individual as defined in the purported TCPA class.

**Fifth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate her damages concerning the matters alleged in the Complaint.

**Sixth Affirmative Defense**

Even assuming arguendo that ICF violated the TCPA, as alleged in the Complaint, which presupposition ICF denies, such violation was not intentional.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed four (4) years from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under the Telephone Consumer Protection Act ("TCPA").

**Eighth Affirmative Defense**

Defendant affirmatively alleges that the telephone equipment utilized by Defendant is **not** an "Automatic Telephone Dialing System" as defined by the TCPA under the holding of *Glasser v. Hilton Grand Vacation Co., LLC*, 948 F. 3d 1301, 1312–1313 (11th Cir. 2020).

**Ninth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under Florida's Consumer Collection Practices Act ("FCCPA").

**<u>Tenth Affirmative Defense</u>**

Defendant affirmatively alleges that Defendant lacks the requisite intent under Section 559.72(7) *Fla. Stat.*

WHEREFORE, Defendant, INPATIENT CONSULTANTS OF FLORIDA, INC., requests that this Court dismiss Plaintiff's Complaint and that ICF be awarded reasonable attorneys' fees and costs as provided under applicable law.

Dated this **28th day of December 2022.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
service@shepardfirm.com
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, ICF*

16

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed on **December 28, 2022**, with the Clerk of the Court using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Alexander J. Taylor, Esquire of Sulaiman Law Group, LTD, at *ataylor@sulaimanlaw.com*  *(Attorneys for Plaintiff).*

> */s/  Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> SKohlmyer@Shepardfirm.com
> service@shepardfirm.com
> Florida Bar No.: 0101108
> 2300 Maitland Center Parkway, Suite 100
> Maitland, Florida 33751
> Telephone: (407) 622-1772
> Facsimile (407) 622-1884
> *Attorneys for Defendant, ICF*