UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-02210-PGB-EJK

CHRISTIAN S. KENNEDY,
individually, and on behalf of all others
similarly situated,

      Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC; and INPATIENT
CONSULTANTS
OF FLORIDA, INC.,

      Defendants.
_____/

### Joint Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 1/6/2022. **Alexander J. Taylor, Esquire for Plaintiff, and Ernest H. Kohlmyer, III, Esquire**

**for Defendants Healthcare Revenue Recovery Group, LLC, and Inpatient Consultants of Florida, Inc.,** attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/23/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/20/2023 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 5/22/2023 |
| Defendant's deadline for disclosing any expert report. | 6/21/2023 |
| Deadline for disclosing any rebuttal expert report. | 7/14/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/1/2023 |
| Deadline for class discovery | 8/23/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 9/11/2023 |
| Deadline for Opposition to motion for class certification or to decertify class | 10/2/2023 |
| Deadline for Reply to Response to Motion for Class Certification | 10/16/2023 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/2/2023 |

2

| | |
|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>**Mediator: James Betts**<br>**Address: Musetta & Associates**<br>**201 N. Franklin St. Suite 3400**<br>**Tampa, FL, 33602**<br>**Telephone:(813) 254-3302** | 8/3/2023 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/27/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/6/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | If needed, to be set by Court |
| Month and year of the trial term. | 2/26/2024 |

The trial will last approximately 2-3 days and will be

☒ jury.

☐ non-jury.

3. **Description of the Action**

      Plaintiff asserts that during the course of debt collection, Defendants Healthcare Revenue Recovery Group, LLC, and Inpatient Consultants of Florida, Inc. violated 15 U.S.C. §§ 1692(c) and §§ 1692(d) of the FDCPA; 559.72(7) of the FCCPA, and 47 U.S.C § 227(b)(1)(A)(iii) of the TCPA related to medical treatment that Plaintiff received from Inpatient Consultants of Florida, Inc. in October of 2021. Plaintiff avers that he sent an email to HRRG in August of 2022 to dispute the subject debt and that despite this email, HRRG began placing calls to his cellular phone in October of 2022. Plaintiff asserts that during one of these phone calls he requested that HRRG cease making calls to him. Plaintiff alleges that he sent an email in November of 2022 to again request that HRRG cease making calls to him; however, he alleges that HRRG made at least (30) thirty calls to Plaintiff's telephone ending in -4946 without Plaintiff's consent and after the cease

3

request. Additionally, Plaintiff claims that HRRG utilized a prerecorded voice to leave at least sixteen (16) voicemails on Plaintiff's cellular phone. Plaintiff asserts that he never provided his telephone number to Defendants and that he never consented to any calls from Defendants.

Plaintiff claims that despite requesting that HRRG cease calls to his cellular telephone, that HRRG continued to make calls to Plaintiff in an effort to harass and inconvenience him. Plaintiff is seeking damages related to actual harm related to aggravation, wear and tear on his cellular phone, loss of battery charge, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone, loss of concentration, mental anguish, and nuisance. Defendants Healthcare Revenue Recovery Group, LLC, and Inpatient Consultants of Florida, Inc. deny that they have violated the TCPA, FDCPA, or FCCPA, and have asserted affirmative Defenses [DE 14 and 15].

Plaintiff seeks to certify the following class: *All individuals throughout the United States (1) to whom HRRG placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individuals' consent; (5) in an attempt to collect a debt allegedly owed to ICF; (6) within the four years preceding the date of this complaint through the date of class certification.*

## 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties'

> consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: Whether ARS and ICF willfully, negligently, or knowingly violated the TCPA; If violations of the TCPA occurred, whether ARS and ICF did so with malicious intent; Whether Plaintiff consented to phone calls and voicemails to his cellular phone number in connection with medical services; Whether ARS received a request from Plaintiff to cease phone calls; Whether ARS knowingly made any phone calls to Plaintiff's cellular phone after any request to cease calls; Whether ARS or ICF intentionally, willfully, or knowingly violated the FDCPA or FCCPA; If ARS or ICF violated the FDCPA or FCCPA, the frequency and persistence of the violations; If ARS or ICF violated the FDCPA or FCCPA, whether they did so notwithstanding the maintenance of procedures reasonably adapted to avoid such error; Plaintiff's Article III standing under the FDCPA and TCPA, whether Plaintiff's allegations under the FDCPA are immaterial; and Plaintiff's alleged damages and injuries.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

6

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒  No.
        ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Respectfully submitted,

<div style="display: flex;">

<div>

*/s/  Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No.   1013947
ataylor@sulaimanlaw.com
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
(630) 575-8180
*Attorneys for Plaintiff*

</div>

<div>

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 110108
Skohlmyer@shepardfirm.com
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant,*
Healthcare *Revenue Recovery Group, LLC, and  Inpatient Consultants of Florida, Inc.*

</div>

</div>

8